THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Freddie Richard
 Jones, Appellant.
 
 
 
 
 

Appeal From York County
Ralph F. Cothran, Circuit Court Judge

Unpublished Opinion No.  2010-UP-297
Submitted May 3, 2010  Filed June 1, 2010  

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh,  Assistant Deputy Attorney General
 Salley W. Elliott,
 and Assistant Attorney General Deborah
 R.J. Shupe, all of Columbia; Solicitor Kevin Scott Brackett, of York, for
 Respondent.
 
 
 

PER CURIAM:  Freddie
 Richard Jones appeals his convictions for second-degree burglary, grand
 larceny, and violation of the South Carolina Education Lottery Act, for which
 he was sentenced to life imprisonment without parole.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following controlling authorities:  S.C. Code. Ann. § 16-11-312(B)(2) (2003) ("A
 person is guilty of burglary in the second degree if the person enters a
 building without consent and with intent to commit a crime therein, and . . . [t]he
 burglary is committed by a person with a prior record of two or more
 convictions for burglary or housebreaking or a combination of both."); State v. Cheatham, 349
 S.C. 101, 109-10, 561 S.E.2d 618, 623 (Ct. App. 2002) (holding the trial court
 did not err in denying defendant's request to limit the State to proof of only
 the "nighttime" element of first-degree burglary);  State v.
 Simmons, 352 S.C. 342, 358, 573 S.E.2d 856, 865 (Ct. App. 2002) (finding
 the trial court did not err in admitting defendant's prior burglary and
 housebreaking convictions even when the defendant was willing to stipulate to
 the "nighttime" element of first-degree burglary).  
AFFIRMED.
KONDUROS, GEATHERS, and
 LOCKEMY, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.